IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES BONDS | § | |
| v. | § | CIVIL ACTION NO. 6:08cv256 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF TRANSFER

The Petitioner James Bonds, an inmate currently confined at the Clements Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this petition for the writ of habeas corpus challenging prison disciplinary proceedings. The petition was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Bonds challenges a disciplinary hearing which took place on June 16, 2007, at the Beto Unit in Tennessee Colony, Texas, although he says that the proceeding was concluded at the Clements Unit, in Amarillo, Texas. Bonds states that he was convicted in Dallas County, Texas.

The habeas corpus venue statute, 28 U.S.C. §2241(d), states as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

In applying this statute to challenges of prison disciplinary cases, the Fifth Circuit has held that the prisoner may file his petition in the court where he was convicted, or the court where he is currently incarcerated. Wadsworth v. Johnson, 235 F.3d 959, 962 (5th Cir. 2000). In this case,

Bonds was convicted in Dallas County, which is within the Northern District of Texas, and is currently confined in Potter County, which is also within the territorial jurisdiction of the Northern District of Texas.

In construing this rule, the federal district courts in Texas have held that the appropriate venue for hearing prison disciplinary cases is not the district covering the county of conviction, but rather the district covering the county of incarceration. *See, e.g.*, Jackson v. Treon, Civ. A. H-02-4828 (S.D.Tex., Feb. 3, 2003) (available on WESTLAW at 2003 WL 22433805).

Here, Bonds is confined in Potter County, Texas, which is within the Amarillo Division of the Northern District of Texas. Consequently, venue is proper in that district and division.

28 U.S.C. §1406(a) provides that the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or, if it be in the interest of justice, transfer such case to any district or division wherein it could have been brought. In this case, the interests of justice indicate that the case should be transferred to the division of proper venue. It is accordingly

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is TRANSFERRED to the U.S. District Court for the Northern District of Texas, Amarillo Division, for such other and further proceedings as that Court may deem necessary, including a determination as to whether or not the petitioner is entitled to proceed *in forma pauperis*.

**So ORDERED and SIGNED this 3rd day of July, 2008.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE